IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PHYLLIS PEARSON,**

         Plaintiff,

   v.

**ETHICON, INC.,** and **JOHNSON & JOHNSON,**

         Defendants.

Case No. 3:20-cv-01905-AC

OPINION AND ORDER

MOSMAN, J.,

    On August 16, 2021, Magistrate Judge John V. Acosta issued his Findings and Recommendation ("F&R") [ECF 73], recommending that this court deny in part Defendants' Motion to Exclude the Opinions and Testimony of Donald R. Ostergard, M.D. [ECF 32] and grant in part and deny in part Defendants' Motion for Summary Judgment [ECF 30]. Defendants filed objections on August 30, 2021 [ECF 75]. Plaintiff Phyllis Pearson responded to those objections on September 20, 2021 [ECF 80]. Upon review, I agree with Judge Acosta on all grounds except for his decision to deny Defendants' Motion for Summary Judgment as to Plaintiff's gross negligence claim. I deny in part the Motion to Exclude and grant in part and deny in part the Motion for Summary Judgment.

1 – OPINION & ORDER

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). Findings and recommendations pertaining to the admissibility of a witness are reviewed under a "clearly erroneous" standard. *Id.* § 636(b)(1)(A). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Defendants object to Judge Acosta's recommendation that I deny summary judgment as to Pearson's gross negligence claim (Count XIV). Defs.' Obj. [ECF 75] at 2 n.2. Gross negligence requires "conscious indifference to or reckless disregard of the rights of others." *Bottom v. McClain*, 489 P.2d 940, 942 (Or. 1971) (quoting Or. Rev. Stat. 30.115(2)). Judge Acosta correctly observes that Dr. Ostergard's testimony creates a material fact dispute as to the adequacy of Defendants' warnings for TVT. F&R at 27 (citing Mot. to Exclude, Ex. C [ECF 32] at ¶ 8). But Pearson has failed to indicate any evidence in the record that would show Defendants were ever aware their warnings were inadequate. Without such evidence, a gross negligence claim cannot proceed and should be dismissed.

2 – OPINION & ORDER

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation in part and I ADOPT the F&R [ECF 73] on all grounds, with the exception of its discussion of gross negligence. I DENY IN PART Defendants' Motion to Exclude the Opinions and Testimony of Donald R. Ostergard, M.D. [ECF 32]. I GRANT IN PART and DENY IN PART Defendants' Motion for Summary Judgment [ECF 30]. I dismiss Counts II, IV, VI, VII, VIII, IX, XI, XII, XIII, XIV, and XV from this case with prejudice.

IT IS SO ORDERED.

DATED this 30 day of September, 2021.

_____
MICHAEL W. MOSMAN
United States District Judge